IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR81 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON HAWTHORNE, | ) | PRELIMINARY ORDER |
| MICHAEL DAVIS, | ) | OF FORFEITURE |
| CHAD WINTERS, | ) | |
| KENNY DOFNER, | ) | |
| GREGORY STANEK, | ) | |
| BRADFORD WINNIE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 213). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant, Chad Winters, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I, II and V of the Superseding Indictment filed herein. The Defendant, Jason Hawthorne, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I, II, V, VIII,[1] XII, XIV and XIX of the Superseding Indictment filed herein. The Defendant, Michael Davis, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts VII, VIII and XX of the Superseding Indictment filed herein. The Defendant, Gregory Stanek, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I, II and V of the Superseding Indictment filed herein. The Defendant, Kenny Dofner, entered into a Plea Agreement

---

[1] The recommendation that Hawthorne be found guilty of Count VIII (forfeiture) was overruled because he did not plead guilty to an underlying count. (Filing No. 216.)

whereby he agreed to enter pleas of guilty to Counts I, II and V of the Superseding Indictment filed herein. The Defendant, Bradford Winnie, pled guilty to Counts VI, VIII and XXII of the Superseding Indictment filed herein.. Count I charges Defendants Jason Hawthorne, Chad Winters, Kenny Dofner, and Gregory Stanek with one count of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. Count II charges Defendants Jason Hawthorne, Chad Winters, Kenny Dofner and Gregory Stanek with using and carrying firearms during and in relation to, and possessing firearms in furtherance of the drug trafficking crime charged in Count I, in violation of 18 U.S.C. § 924(c). Count VI charges Defendants Jason Hawthorne, Michael Davis and Bradford Winnie with one count of possession of stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). Count VII charges Defendants Jason Hawthorne and Michael Davis with one count of being felons in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Count XII charges Defendant Jason Hawthorne with possession of an unregistered firearm, in violation of 26 U.S.C. § 5841, 5861(d) and 5871. Count XX charges Defendant Michael Davis with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count XXII charges Defendant Bradford Winnie with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Count XIX of the Superseding Indictment seeks the forfeiture from Hawthorne, under 21 U.S.C., § 853, of $406.00 in United States currency on the basis it was used or was intended to be used to facilitate the controlled substance violation charged in Count I or was derived from proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count I. Count V of the Superseding Indictment seeks the forfeiture from Hawthorne, Winters, Dofner, Stanek,

under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a New England Firearms, Model: Pardner SBI, 12-gauge short-barreled shotgun, serial no. NK272765, and a Jennings Firearms semi-automatic pistol, Model : J-22, .22 caliber, serial no. 531602, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count II.. Count VIII of the Superseding Indictment seeks the forfeiture from Hawthorne, Davis and Winnie, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Ruger Rifle, Model: 77/17, .17 caliber, serial no. 703-25984, a Thompson (Center Arms Co.) Rifle, Model: Encore, 7mm-08 caliber, serial no. PS67950, a Ruger Rifle, Model: M77 Mark II, 280 caliber, serial no. 784-59858, a Ruger Rifle, Model: M77, 22-250 caliber, serial no. 710-49091, an Armalite Rifle, Model: AR-10, 7.62x39 caliber, serial no. US306550, a Norinco (North China Industries) Rifle, Model: MAK-90 Sporter, 7.62x39 caliber, serial no. 9324931, and a Springfield XD 40 handgun, serial no. US268355, on the basis they were firearms involved or used in the knowing commission of the offense charged in Counts VI, VII and XXII. Count XIV of the Superseding Indictment seeks the forfeiture from Hawthorne, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Hunter Arms Co. 12-gauge shotgun, Model: Hunter One Trigger, serial no. 205454, on the basis it was a firearm involved or used in the knowing commission of the offense charged in Count XII and XIII.

    2. By virtue of said pleas of guilty, *with the exception of Count VIII as it applies to Jason Hawthorne,* the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d).

IT IS ORDERED:

A.   The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 213) is denied with respect to Defendant Jason Hawthorne and Count VIII, and otherwise the motion is granted.

B.   Aside from the exception stated in ¶ (A) above, based on Counts V, VIII, XIV, and XIX of the Superseding Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize the 406.00 in United States currency, a New England Firearms, Model: Pardner SBI, 12-gauge short-barreled shotgun, serial no. NK272765, and a Jennings Firearms semi-automatic pistol, Model : J-22, .22 caliber, serial no. 531602, a Ruger Rifle, Model: 77/17, .17 caliber, serial no. 703-25984, a Thompson (Center Arms Co.) Rifle, Model: Encore, 7mm-08 caliber, serial no. PS67950, a Ruger Rifle, Model: M77 Mark II, 280 caliber, serial no. 784-59858, a Ruger Rifle, Model: M77, 22-250 caliber, serial no. 710-49091, an Armalite Rifle, Model: AR-10, 7.62x39 caliber, serial no. US306550, a Norinco (North China Industries) Rifle, Model: MAK-90 Sporter, 7.62x39 caliber, serial no. 9324931, a Springfield XD 40 handgun, serial no. US268355, and a Hunter Arms Co. 12-gauge shotgun, Model: Hunter One Trigger, serial no. 205454.

C.   Aside from the exception stated in ¶ (A) above, the Defendants' interests in said properties are forfeited to the United States for disposition in accordance with the law, subject to 21 U.S.C. § 853(n)(1).

D. Aside from the exception stated in ¶ (A) above, the forfeited properties are to be held by the United States in its secure custody and control.

E.   Under 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice

of this Order, Notice of Publication evidencing the United States' intent to dispose of the relevant properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture under 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 17th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge